IN THE MATTER OF THE GUARDIANSHIP OF ADELAIDE
S. RINCK, A MENTAL INCOMPETENT.

Superior Court of New Jersey
Chancery Division

Decided January 18, 1954.

*Mr. Anton A. Vit, Jr.*, attorney for plaintiff.

SULLIVAN, J. S. C.  Plaintiff is the guardian of an incompetent duly appointed by this court on April 7, 1953. In this proceeding she seeks judicial approval of her first account as guardian.  The account as filed runs from April 7, 1953 to November 13, 1953, a period of about seven months.  In addition to the allowance of said account plaintiff requests commissions of 5% on *corpus* as well as a counsel fee to her attorney.

An examination of the pleadings on this application shows that while plaintiff has joined the incompetent as an interested party to this proceeding and has caused a notice of hearing to be served on said incompetent, no guardian *ad litem* has been appointed.  The practical effect, therefore, is that plaintiff-guardian is accounting only to herself because, as it now stands, the only person able to speak for the incompetent in this proceeding is the guardian who is also the plaintiff.

In all accounting proceedings by a guardian of an incompetent or infant, a guardian *ad litem* must be appointed because of the conflict of interest between the guardian and his ward on said accounting.  7 *New Jersey Practice, p.* 188, *Rule* 4:30–2.  Until an incompetent or infant is properly represented at the hearing, there can be no judgment entered.

There is a more serious objection to plaintiff's application, however, than that of proper representation.

This accounting covers the first seven months of plaintiff's guardianship. No reason is stated by plaintiff and an examination of the pleadings discloses no valid purpose in putting the estate to the expense of a judicial accounting at this time. The fact that this is a guardian's first accounting is no justification for this application. *N. J. S.* 3*A* :9–3 provides that a guardian shall settle his account "once in 3 years, and oftener if required." This statute was construed in *In re Hoff's Trustee*, 16 *N. J. Misc.* 431 (*Orphans' Ct.* 1938). In that case the court listed the situations which would justify a guardian in accounting oftener than every three years. The present application does not come within any of those exceptions. For the reasons set forth in *In re Hoff's Trustee* (*supra*), the relief asked for in the complaint herein will be denied on the ground that the account has been prematurely filed. The denial is without prejudice to the renewal of the application at such time as the statute provides.